# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## MARCH SESSION, 1998

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9707-CC-00261** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **BENTON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JULIAN P. GUINN** |
| **DONNIE ALFRED JOHNSON,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - Failure to Appear)** |


FOR THE APPELLANT:

RAYMOND L. IVEY
P. O. Box 229
Huntingdon, TN 38344

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
425 Cordell Hull Builiding, 2nd Floor
Nashville, TN 37243-0493

ROBERT RADFORD
District Attorney General
P. O. Box 686
Huntingdon, TN 38344


OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# **OPINION**

On October 17, 1996, a Benton County jury found Appellant, Donnie Alfred Johnson, guilty of failure to appear, driving under the influence of an intoxicant, possession of a controlled substance with intent to deliver or sell, and possession of unlawful drug paraphernalia. The trial court sentenced Appellant to eleven months and twenty-nine days (all but six months suspended) for failure to appear, to eleven months and twenty-nine days for driving under the influence of an intoxicant, to one year as a Range I standard offender for possession of a controlled substance with intent to deliver or sell, and to eleven months and twenty-nine days for possession of drug paraphernalia. The last three sentences were ordered to be run concurrently to each other and consecutive to the six months for failure to appear, for an aggregate sentence of one year and six months incarceration. Appellant appeals from those convictions, raising several issues:

1) whether the trial court erred in refusing to suppress the evidence found by a police officer who stopped Appellant outside of the officer's jurisdiction;

2) whether the trial court erred in refusing to instruct the jury as to the law regarding police jurisdiction;

3) whether the trial court erred in allowing the introduction of marijuana seized from Appellant into evidence despite the State's failure to prove a chain of custody;

4) whether the trial court erred in upholding the jury verdict for possession of drug paraphernalia despite the fact the paraphernalia was not introduced into evidence.

After a careful review of the record, we affirm the judgment of the trial court.

# FACTS

On September 10, 1995, early in the morning, Officer Mark Harbison, a member of the New Johnsonville Police Department, followed a vehicle into Benton County. After obtaining the license number of the vehicle, which he followed due to a suspicion that the driver was driving under the influence of an intoxicant, Officer Harbison informed the Benton County law enforcement agency about that vehicle. He then turned around to return to Humphreys County.

As Officer Harbison approached the bridge from the Benton County side of the river, he observed a black Camero traveling very fast toward him. Officer Harbison used his radar to clock the Camero and observed that the Camero was traveling at 85 miles per hour in a 40 mile per hour zone. Officer Harbison turned his car around and after the Camero passed him, turned on his blue lights and stopped the speeding vehicle. Appellant was the driver of the Camero.

Appellant staggered out of the car and had to support himself with his car in order to stand. Officer Harbison noted an odor of alcohol on Appellant's person. Harbison notified the Benton County Sheriff's Department that he had stopped a car within that department's jurisdiction. Harbison did not administer any field sobriety tests on Appellant, and searched Appellant's car only to check for weapons. As he checked for weapons, he noticed some rolling papers in the car. He took the papers out of the car and placed them on top of the car.

Deputy Dennis Messer and Reserve Officer Jim Verner of the Benton County Sheriff's Department soon arrived on the scene. Messer observed that

Appellant had a noticeable odor of alcoholic beverage on his breath, his speech was slurred, his eyes bloodshot, and he was unsteady on his feet. Accordingly, Deputy Messer placed Appellant under arrest for driving under the influence. Officer Verner searched Appellant, finding in Appellant's boot, a plastic bag which contained five small baggies of marijuana.

The seized evidence was turned over to Messer, who placed the evidence in an envelope and then into a locker in the Sheriff's Department. The evidence was transferred to the crime lab, though the means of the transfer remains unclear. Lab tests confirmed that the substance seized from Appellant was 33.3 grams of marijuana.

## I. POLICE JURISDICTION

Appellant raises two issues pertaining to the jurisdiction of the law enforcement officer who initially stopped him. These issues are governed by Tennessee Code Annotated § 6-54-301 which provides:

> The police authority of all incorporated towns and cities shall extend to a distance of one (1) mile from the lawful corporate limits thereof, for the suppression of all disorderly acts and practices forbidden by the general laws of the state; provided, that such jurisdiction of an incorporated town or city shall not be thereby extended beyond the limits of the county in which any part of such town is situated, or so as to come within one (1) mile of any other incorporated town or city.

The State concedes that Officer Harbison was within the jurisdiction of the Benton County Sheriff's Department when he stopped Appellant.

## A. ADMISSION OF EVIDENCE

Initially Appellant contends that the trial court erred in denying his motion to suppress the drug paraphernalia found by Officer Harbison. He argues that, since Officer Harbison was outside of his jurisdiction, the stop was illegal and so too the search. In State v. Johnson the Tennessee Supreme Court held in a similar situation that a police officer who arrested the defendant in that case was authorized to make the arrest despite being outside the jurisdiction of his law enforcement agency because the arrest was one a private citizen is authorized to make. State v. Johnson, 661 S.W.2d 854, 859 (Tenn. 1983). Tennessee Code Annotated § 40-7-109 provides that: "(A) A private person may arrest another:

(1) For a public offense committed in the arresting person's presence;

(2) When the person arrested has committed a felony, although not in the arresting person's presence; or

(3) When a felony has been committed, and the arresting person has reasonable cause to believe that the person arrested committed it."

In the matter *sub judice*, Officer Harbison observed Appellant speeding at an excessive rate. As a private citizen, Harbison was authorized to arrest Appellant. As this Court concluded in State v. Durham, a "police officer does not give up the right to act as a private citizen when he is off duty or out of his jurisdiction." State v. Durham, C.C.A. No. 01C01-9503-CC-00056, Putnam County (Tenn. Crim. App., Nashville, November 16, 1995). As we concluded in Durham, we find here that Appellant was lawfully arrested by Harbison even though the arrest was made outside of Harbison's jurisdiction. As we stated in Durham, when an officer makes such an arrest, the officer does so as a private citizen, and acts at the officer's own peril. However, it is good public policy to encourage

law enforcement officers to stop drivers who appear to be intoxicated and who may be endangering themselves and the public regardless of where the officer observes the impaired driving. This issue is without merit.

## B. JURY INSTRUCTION

Appellant further argues that the trial court erred in refusing to instruct the jury regarding the provision of Tennessee Code Annotated § 6-54-301. However, having determined that the arrest by Officer Harbison was legally justified, the trial court acted within its discretion in refusing to charge the jury concerning this law. The question of whether to admit the evidence was a legal question for the trial court; once the court determined that the evidence should be admitted, instructing the jury regarding this statute would have amounted to putting before the jury irrelevant and potentially misleading law. This issue is without merit.

## II. CHAIN OF CUSTODY

Appellant argues that the trial court erred in allowing marijuana seized from Appellant's person following his arrest to be introduced into evidence, because the State failed to establish a reliable chain of custody for the contraband evidence. Appellant failed to object to the introduction of this evidence at trial; the failure to object at trial results in a waiver of the alleged error. Tenn. R. App. P. 36 (a). Further, the question of whether the requisite chain of possession has been sufficiently established to justify admission of an exhibit is a matter committed to the discretion of the trial judge and his determination will not be overturned in the absence of a clearly mistaken exercise of that discretion. State

v. Johnson, 673 S.W.2d 877,881 (Tenn. Crim. App. 1984) (*citing* Ritter v. State, 3 Tenn. Crim. App. 372, 462 S.W.2d 247 (1970)). In the matter sub judice, Deputy Messer testified that he placed the evidence in a locker at the sheriff's department. Ms. Betty Sheriff, of the Tennessee Bureau of Investigation's regional crime laboratory, testified the she received the evidence in a sealed envelope delivered by Deputy Chris Rogers of the Benton County Sheriff's Department. After analysis the evidence was returned to the Benton County Sheriff's Department. Nothing in the evidence suggests record tampering. The trial court did not abuse its discretion in determining that a sufficient chain of custody had been established. This issue is without merit.

## III. INTRODUCTION OF EVIDENCE

Finally, Appellant contests his conviction for drug paraphernalia, arguing that since the actual paraphernalia was not introduced his conviction should not be allowed to stand. When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id. On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all

reasonable and legitimate inferences that may be drawn therefrom." Id. (*citing* State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)). Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Harris, 839 S.W.2d 54, 75; Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Mathews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." Id. at 779. Finally, the Tennessee Rules of Appellate Procedure, Rule 13(e) provides, "findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact beyond a reasonable doubt." *See also* State v. Mathews, 805 S.W.2d at 780.

In the matter *sub judice*, the State presented proof, through the testimony of Officer Herbison, that Appellant had rolling papers in his possession along with a quantity of marijuana. There is no evidence that Appellant also possessed legitimate materials such as tobacco for use with the papers. Under these circumstances the evidence is sufficient to sustain the conviction for possession of drug paraphernalia. See. Tenn. Code Ann. § 39-17-424-425.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE


CONCUR:


  (See Below)
JOE B. JONES, PRESIDING JUDGE


_____
GARY R. WADE, JUDGE


The Honorable Joe B. Jones died May 1, 1998, and did not participate in this Opinion. We acknowledge his faithful service to this Court, both as a member of the Court and as its Presiding Judge.